UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

REDO LAMONT ROLLING,

                  Plaintiff,

v.

NEWAYGO COUNTY SHERIFF
DEPARTMENT et al.,

                  Defendants.

_____/

Case No. 1:25-cv-451

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss in part Plaintiff's amended complaint for failure to state a claim against Defendants Newaygo County Sheriff's Department, Newaygo County Jail, Newaygo County Administration, Staff Members, Sheriff Department County Jail Administrator, and Sheriff. The Court will also dismiss, for failure to state a claim, the following claims against the remaining Defendants Newaygo County, Physician, and Nurse: official capacity

claims against Defendants Physician and Nurse, Eighth and Fourteenth Amendment claims regarding verbal harassment, and claims regarding Plaintiff's use of the grievance process. Plaintiff's Eighth and Fourteenth Amendment medical care claims against Defendants Newaygo County, Physician, and Nurse remain in the case. The Court will also deny Plaintiff's motions for discovery (ECF Nos. 3, 14, and 17) without prejudice.

<u>**Discussion**</u>

## I.    **Factual Allegations**

Plaintiff is presently incarcerated with the Federal Bureau of Prisons (BOP) at the Federal Medical Center Butner (FMC Butner), located in Butner, North Carolina. The events about which he complains, however, occurred at the Newaygo County Jail in White Cloud, Newaygo County, Michigan. Plaintiff sues the Newaygo County Sheriff's Department, the Newaygo County Jail, Newaygo County Administration, Staff Members, Jail Physician from 2022 to 2023 (Physician), Head Nurse (Nurse), Sheriff Department County Jail Administration Coordinator, and Sheriff from May 2022 to February 2023 (Sheriff). (Am. Compl., ECF No. 13, PageID.23–24.)

Plaintiff alleges in May 2022, while detained in the Newaygo County Jail, Plaintiff began to bleed heavily from his rectum following bowel movements. (Am. Compl., ECF No. 13, PageID.26.) Plaintiff informed "medical staff" that he had been previously scheduled for a colonoscopy but had been unable to attend that appointment because of his detention. (*Id.*) Medical staff refused to take Plaintiff to the hospital. (*Id.*) Plaintiff began to have "dizzy spells" and pass out from blood loss. (*Id.*) He continued to submit grievances and make verbal requests with medical staff to take him to the hospital to no avail. (*Id.*) When Plaintiff showed Defendant Nurse toilet paper with bloody discharge, she told Plaintiff to "stop doing that" or Plaintiff would be placed in a restraint chair. (*Id.*) Plaintiff told Defendant Nurse that he needed to be seen by a doctor because "[t]here was [something] severely wrong with [him]." (*Id.*)

2

Eventually, medical staff called Plaintiff's primary care physician for information about Plaintiff's condition. (*Id.*) Plaintiff's outside physician told medical staff of Plaintiff's need for a colonoscopy and "psych meds." (*Id.*) "Medical staff" then began to provide Plaintiff with medication for his depression and iron pills for blood loss, but refused to provide Plaintiff with the colonoscopy, telling Plaintiff that there was "nothing wrong" with him and that he was merely dehydrated. (*Id.*)

Plaintiff alleges that Defendant Nurse told Plaintiff that he was "just dehydrated" and that his "rectum bleeding and passing out was a result of it." (*Id.*, PageID.31.) She also "made dehumanizing jokes and [comments] about [Plaintiff's] deteriorating health condition stating, "You must be doing something you're not suppos[ed] to back there in your cell with the other inmates." (*Id.*, PageID.31.) Defendant Physician refused to have Plaintiff taken to a hospital even when test results showed "extreme risk of oxygen shut down." (*Id.*) And Defendants Medical Staff told Plaintiff, "We don't do [colonoscopy]. So either you beat your case get out have it done by your family Dr. or have it done when you get to prison." (*Id.*, PageID.26.) Plaintiff continued to suffer from bleeding and fainting. (*Id.*, PageID.27.)

Plaintiff describes filing grievances and complaints "about the ordeal," but states that Defendant County Jail Administration Coordinator "made a fraudulent administrative procedure (grievance process)." (*Id.*, PageID.31.)

Plaintiff was sentenced on January 5, 2023, and, on February 28, 2023, transferred to the BOP Hazelton Correctional Facility, where Plaintiff received emergency medical care to remove a cancerous tumor and was diagnosed with stage 3 colon cancer. (*Id.*, PageID.27, 32.)

As relief for the events described in the amended complaint, Plaintiff seeks compensatory damages. (*Id.*, PageID.29.)

II.    **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

4

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Claims Against Defendant Newaygo County Jail

Plaintiff names the Newaygo County Jail as a Defendant. However, the Newaygo County Jail is a building that houses inmates; it is not a person and it "is not a legal entity susceptible to suit." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *see also Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016 WL 3180043, at *2 (W.D. Mich. June 8, 2016) (collecting cases that hold a local jail is not a person subject to suit under § 1983). For that reason alone, the Court will dismiss Plaintiff's amended complaint against the Newaygo County Jail.

### B.    Individual Capacity Claims Against Defendants Sheriff and Newaygo County Administration

Plaintiff lists the Newaygo County Sheriff and the Newaygo County Administration as Defendants but does not identify any actions that may be attributed to these Defendants. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or

responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff does not set forth any factual allegations to describe what Defendants Sheriff or Newaygo County Administration personally did to violate Plaintiff's constitutional rights.

To the extent that Plaintiff seeks to hold these Defendants liable for the actions of their subordinates, he may not do so. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff has not alleged facts that would demonstrate that Defendants Sheriff and Newaygo County Jail Administration knowingly authorized or acquiesced in any of the events described in Plaintiff's amended complaint. Therefore, any alleged failure to act, without more, does not give rise to liability under Section 1983. *See Grinter*, 532 F.3d at 576; *Shehee*, 199 F.3d at 300. The Court will dismiss Plaintiff's claims against Defendants Sheriff and Newaygo County Administration.

### C.    Fourteenth and Eighth Amendment Medical Care Claims

Plaintiff brings claims for denial of medical care; however, he does not specify whether he was a pretrial detainee or a convicted prisoner during each of the events alleged. (*See* Am. Compl., ECF No. 13, PageID.27.) While the Eighth Amendment limitation applies to "punishments," a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote and citations omitted). When a claim of deliberate indifference "is asserted on behalf of a pretrial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (internal quotation marks and citations omitted).

7

"The Supreme Court has long recognized that the government has a constitutional obligation to provide medical care to those whom it detains." *Griffith*, 975 F.3d at 566 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rhinehart v. Scutt*, 894 F.3d 721, 736–37 (6th Cir. 2018); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)). Both "[t]he Eighth and Fourteenth Amendments are violated 'when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety.'" *Id.* (citations omitted).

The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a convicted prisoner. *Estelle*, 429 U.S. at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim for the deprivation of adequate medical care under the Eighth Amendment has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, at 834. To satisfy the objective component, the plaintiff must establish that the medical need at issue is "sufficiently serious." *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a "substantial risk of serious harm." *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore*, 390 F.3d at 899; *see also Phillips*, 534 F.3d at 539–40. As for the subjective component, the prisoner must establish that "an official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). In 2015, the Supreme Court eliminated the subjective component from the test governing

excessive-force claims brought by pretrial detainees. *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015). In *Kingsley*, the Court held that such claims are governed by an objective standard alone, requiring a pretrial detainee to show only that "the force purposely or knowingly used against him was objectively unreasonable." *Id*. at 396–97. The Court's reasoning rested on the distinction between the Eighth Amendment's prohibition on cruel and unusual punishment and the Due Process Clause, which asks whether governmental action is "reasonably related to legitimate government objectives" and whether conduct is excessive in relation to those objectives. *Id*. at 398, 400. The Court, however, did not address whether its holding extended to deliberate indifference claims brought by pretrial detainees.

In 2021, the Sixth Circuit in *Brawner*—recognizing that pretrial detainees, whose constitutional status differs from that of convicted prisoners, are governed by the principles articulated in *Kingsley*—held that the subjective component of Fourteenth Amendment deliberate-indifference claims brought by pretrial detainees must be modified. *Brawner*, 14 F.4th at 592. The Sixth Circuit held that to demonstrate deliberate indifference, "[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* at 597 (quoting *Castro v. City of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)); *see also Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 316–17 (6th Cir. 2023) (affirming that *Kingsley*, as interpreted by *Brawner*, required courts to "lower the subjective component from actual knowledge to recklessness").[1] A pretrial detainee must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of

---

[1] The Sixth Circuit in *Helephenstine* refused to follow a post-*Brawner* ruling in *Trozzi v. Lake County*, 29 F.4th 745 (6th Cir. 2022), which purported to change the subjective standard to include an actual knowledge component, because it could not be reconciled with *Brawner*.

harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted).

The Court finds that Plaintiff has alleged sufficient facts to suggest that Plaintiff suffered from an objectively serious medical condition. Therefore, the Court will examine Plaintiff's allegations against the individual Defendants under both the Eighth and Fourteenth Amendment standards.

### 1.    Claims Against Defendants Staff Members

Plaintiff lists "Staff Members" as a Defendant and makes many of his allegations of inadequate medical care against "medical staff," generally. Neither the medical department of any particular prison nor its "medical staff," as a group, are "persons" subject to suit under § 1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006) ("A prison's medical department is not an entity with a corporate or political existence, and may be seen as nothing more than an arm of the TDOC."); *Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) ("[T]he "medical staff" at MCCC is not a 'person' subject to suit under § 1983.")

Moreover, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). Any "[s]ummary reference to a single, five-headed 'Defendants' [or staff] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted).

Accordingly, the Court will dismiss Plaintiff's claims against "Staff Members" for failure to state a claim.

### 2.    Claims Against Defendants Physician and Nurse

Plaintiff alleges that Defendant Nurse threatened to place Plaintiff in a restraint chair when he showed her toilet paper with bloody discharge, ignoring Plaintiff's requests to be seen by a doctor. (Am. Compl., ECF No. 13, PageID.31.) He also claims that Defendant Nurse dismissed Plaintiff's symptoms of rectal bleeding and passing out as dehydration and made jokes about Plaintiff's "deteriorating health condition." (*Id.*) He alleges that Defendant Physician refused to have Plaintiff taken to a hospital even when test results showed "extreme risk of oxygen shut down." (*Id.*)

Although Plaintiff has by no means proven his claims at this stage of the litigation, taking Plaintiff's allegations as true, whether viewed under the Eighth or Fourteenth Amendment, the Court will allow Plaintiff to proceed with his claims of inadequate medical care against Defendants Physician and Nurse.

### D.    Fourteenth and Eighth Amendment Verbal Harassment Claims

Plaintiff alleges that Defendant Nurse "made dehumanizing jokes and [comments] about [Plaintiff's] deteriorating health condition stating, "You must be doing something you're not suppos[ed] to back there in your cell with the other inmates." (Am. Compl., ECF No. 13, PageID.31.) Allegations of verbal harassment or threats by prison officials toward an inmate, though unprofessional, do not constitute punishment within the meaning of the Eighth Amendment or Fourteenth Amendments. *See Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (noting that "[v]erbal harassment or

11

idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief" (citing *Ivey*, 832 F.2d at 955)); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (affirming district court's conclusion that verbal harassment in the form of a threatened sexual assault "was not punishment that violated Miller's constitutional rights" (citing *Ivey*, 832 F.2d at 955)); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement, or attitude of a prison official with which we might disagree."). Therefore, the Court finds that Plaintiff has failed to state a constitutional claim against Defendant Nurse for her comments toward Plaintiff.

E.    **Claims Regarding Plaintiff's Use of the Grievance Process**

Plaintiff alleges that Defendant County Jail Administration Coordinator "made a fraudulent administrative procedure (grievance process)." (Am. Compl., ECF No. 13 PageID.31.) This allegation fails to state a claim for violation of Plaintiff's constitutional rights.

First, Plaintiff has no due process right to file a jail administrative grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty

interest in the grievance process, the conduct of Defendant County Jail Administration Coordinator did not deprive Plaintiff of due process.

Second, any actions (or inactions) of Defendant County Jail Administration Coordinator with regard to the grievance process could not constitute a violation of the First Amendment right to petition the government. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Third, Plaintiff has not been barred from all means of petitioning the government for redress of grievances. Even if Plaintiff had been improperly prevented from filing a grievance, his right to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470–71 (6th Cir. 2001).

Therefore, for each of the foregoing reasons, the Court will dismiss Plaintiff's claims against Defendant County Jail Administration Coordinator related to Plaintiff's use of the grievance process.

13

**F.    Claims Against Defendant Newaygo County Sheriff's Department and Newaygo County**

Plaintiff lists the Newaygo County Sheriff's Department in the caption of his amended complaint. However, the Newaygo County Sheriff's Department does not exist as a separate entity; it is simply an agent of the county. *See Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988); *Bayer v. Almstadt*, 185 N.W.2d 40, 41 (Mich. Ct. App. 1970)). Accordingly, the Court will dismiss Plaintiff's claims against the Newaygo County Sheriff's Department.

Nonetheless, in liberally construing Plaintiff's *pro se* amended complaint, the Court will presume that Plaintiff intended to bring his claims against Newaygo County.

Newaygo County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell*, 436 U.S. at 694. Instead, Newaygo County is liable only when an official policy or custom causes the constitutional injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by entity. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must

14

be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, although Newaygo County may not be held liable for the actions of any other named Defendant, Plaintiff also alleges that Defendants Medical Staff told Plaintiff, "We don't do [colonoscopy]. So either you beat your case get out have it done by your family Dr. or have it done when you get to prison." (Am. Compl., ECF No. 13, PageID.26.) He claims that, because he was not provided with a colonoscopy while at the Newaygo County Jail, his cancer progressed to "stage 3," requiring "very aggressive" treatment. (Am. Compl., ECF No. 13, PageID.32.) Therefore, the policy or custom of generally refusing to perform colonoscopies sufficiently states a claim against Defendant Newaygo County for inadequate medical care, in violation of Plaintiff's Eighth and Fourteenth Amendment rights. Accordingly, the Court will allow Plaintiff to proceed with his claim against Defendant Newaygo County at this stage of the litigation.

### 3.    Official Capacity Claims

Plaintiff sues Defendants in their official, as well as individual capacities. (Am. Compl., ECF No. 13, PageID.24.) Official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell*, 436 U.S. at 690, n. 55). Therefore, an official-capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); s*ee also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire*, 330 F.3d at 810; *Graham*, 473 U.S. at 165–66.

Accordingly, courts have recognized that, where an entity is named as a defendant, official-capacity claims against employees of the entity are redundant. *See Foster v. Michigan*, 573 F.

App'x 377, 390 (6th Cir. 2014) (finding official-capacity suits against defendant agency's employees superfluous where the state and agency were also named as defendants); *see also Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 332, 327 (6th Cir. 2013) ("Having sued Waterford Township, the entity for which Bedell was an agent, the suit against Bedell in his official capacity was superfluous.") (citing *Foster*); *Petty v. Cty. of Franklin*, 478 F.3d 341, 349 (6th Cir. 2007) ("To the extent that Petty's suit is against [Sheriff] Karnes in his *official* capacity, it is nothing more than a suit against Franklin County itself."), *abrogated on other grounds by Twombly,* 550 U.S. at 561–62, and *Iqbal*, 556 U.S. at 679.

For these reasons, Plaintiff's official-capacity claims against Defendants are redundant because each constitutes an identical suit against Newaygo County. *Foster*, 573 F. App'x at 390 (citing *Kentucky*, 473 U.S. at 165). Because the Court will allow Plaintiff to proceed with his medical care claims against Newaygo County, Plaintiff's official capacity claims will be dismissed.

## III.    Motions for Discovery

Plaintiff requests that this Court order discovery of medical records, grievances, and complaints. (ECF Nos. 3, 14, and 17.) The Court will deny Plaintiff's motions for discovery as premature. No defendant has been served in this matter. After Plaintiff's amended complaint has been served, and if Defendants Newaygo County, Physician, and Nurse have entered an appearance, the Court will issue a case management order setting forth relevant dates and limits for discovery. If he wishes to do so, Plaintiff may renew his motions at that time.

## <u>Conclusion</u>

Having conducted the review required by the PLRA, the Court determines that Defendants Newaygo County Sheriff's Department, Newaygo County Jail, Newaygo County Administration, Staff Members, Sheriff Department County Jail Administrator, and Sheriff will be dismissed for

failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will direct the Clerk's Office to list Newaygo County as a Defendant on the Court's docket. The Court will also dismiss, for failure to state a claim, the following claims against the remaining Defendants Newaygo County, Physician, and Nurse: official capacity claims against Defendants Physician and Nurse, Eighth and Fourteenth Amendment claims regarding verbal harassment, and claims regarding Plaintiff's use of the grievance process. Plaintiff's Eighth and Fourteenth Amendment medical care claims against Defendants Newaygo County, Physician, and Nurse remain in the case. The Court will also deny Plaintiff's motions for discovery (ECF Nos. 3, 14, and 17) without prejudice.

An Order consistent with this Opinion will be entered.


Dated:    December 16, 2025              /s/ Jane M. Beckering
                                         Jane M. Beckering
                                         United States District Judge